IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA ex.
rel. GEORGE GAGE,
              Plaintiff,

-vs-

ROLLS-ROYCE NORTH AMERICA,
INC., ROLLS-ROYCE
DEUTSCHLAND LTD & CO. KG,
SIERRA NEVADA TECHNICAL
SERVICES, LLC,
              Defendants.

CAUSE NO.:
A-16-CV-00803-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Rolls-Royce North America, Inc. and Rolls-Royce Deutschland, Ltd. & Co. KG (collectively, Rolls-Royce)'s Motion to Dismiss [#58], Relator George Gage's Response [#63] in opposition, and Rolls-Royce's Reply [#66] thereto; Rolls-Royce's Motion to Disqualify Donald Little [#59], Relator George Gage's Response [#60] in opposition; and Roll-Royce's Reply [#61] thereto the Report and Recommendation of the United States Magistrate Judge [#91]; and Relator George Gage's Leave to File a Second Amended Complaint [#95]. Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiff is entitled to *de novo* review of the portions of the Magistrate Judge's report to which he filed specific

objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## Background

Relator George Gage filed this *qui tam* action against Rolls-Royce and Sierra Nevada Technical Services, L.L.C. (Sierra Nevada) on behalf of the United States of America. As summarized in the Report and Recommendation, Gage generally alleges Rolls-Royce and Sierra Nevada are responsible improperly reusing parts from a civilian aircraft that experienced a "hard landing" in Nova Scotia on November 11, 2007. Am. Compl. [#17] at ¶¶ 1–11. According to Gage, "nonairworthy, non-conforming aircraft parts" pulled from the crashed civilian aircraft were placed in a United States Air Force (USAF) aircraft, resulting in causing an in-flight explosion of a USAF aircraft in Afghanistan on June 28, 2010. *Id.* at ¶ 23. Gage also alleges Rolls-Royce submitted false documents and invoices for payment to the USAF under its subcontract agreement with Sierra Nevada in violation of the False Claims Act (FCA). *Id.* at ¶¶ 1–11.

This is the third lawsuit Gage has participated in relating to the alleged use of defective parts from the Nova Scotia plane in a USAF plane. In 2010, Davis S.R. Aviation, L.L.C. (CSS), sued Rolls-Royce over Rolls-Royce's reference to various airplane engine parts as "suspect," which CSS contended were false statements made to prevent CSS from selling engines on the open market. *See Davis SR Aviation, LLC, et al v. Rolls-Royce North America, Inc., et al*, A-10-CV-367 LY (W.D. Tex. 2010) (*Davis I*). Gage served as an expert witness for Rolls-Royce in *Davis I.*

Five months after *Davis I* settled, Gage filed a FCA case against CSS and Orion Air Group, L.L.C., among others, alleging the defendants participated in a scheme to defraud the

United States of America. *United States ex. rel. Gage v. Davis SR Aviation, et al*, A-12-CV-904 SS (W.D. Tex. 2012) (*Davis II*). This Court dismissed the claims in *Davis II* with prejudice. *See Davis II*, 2014 WL 3007201, at *8, *aff'd sub nom. U.S. ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 F. App'x 622 (5th Cir. 2015).

Gage filed this lawsuit on June 27, 2016, based on the same underlying facts at issue in *Davis I* and *Davis II*. Rolls-Royce has moved to dismiss the lawsuit and, separately, to disqualify Gages' attorney, Donald Little. *See* Mots. [## 58, 59]. After conducting a hearing on the pending motions, the Magistrate Judge recommended granting Rolls-Royce's motion to dismiss, granting Rolls-Royce's motion to disqualify attorney Donald Little, and dismissing claims against Sierra Nevada under Rule 4(m). R. & R. [#91] at 18. Gage objects to the Report and Recommendation on various grounds. Objs. [#93]. For the reasons explained below, Gage's objections are overruled and the Report and Recommendation is accepted in full.

**Analysis**

**I.    Motion to Disqualify Attorney Donald Little**

Rolls-Royce moves to disqualify attorney Donald Little from representing Gage in this case based on Little's prior service as in-house counsel for Rolls-Royce from 1997 through 2008 and Little's role as outside counsel for Rolls-Royce in *Davis I*. Mot. Disqualify [#59] at 2–10. Gage opposes the motion to disqualify Little. *See* Resp. [#57].

As noted in the Report and Recommendation, the Magistrate Judge expressed disbelief at Little's insistence that he should not be disqualified in light of Little's prior service as counsel for Rolls-Royce, including in a matter substantially related to this case. R. & R. [#91] at 8–10. Following the hearing, Little sought to withdraw as counsel in this case. *See* Mot. [#81]. The Magistrate Judge recommends granting Rolls-Royce's motion to disqualify Little as unopposed

in light of Little's motion to withdraw and granting Little's motion to withdraw as counsel. R. & R. [#91] at 10.

Gage objects to the Report and Recommendation on this issue, arguing "there is no case or controversy," and that the Magistrate Judge's recommendation to grant Little's motion to withdraw as counsel renders Rolls-Royce's motion to disqualify Little moot. Objs. [#93] at 8.

It is a clear violation of Rule 1.09(a) of the Texas Disciplinary Rules of Professional Conduct for Little, without prior consent, to represent Gage in this matter adverse to Little's former client Rolls-Royce on a matter that is the same or substantially related. Little's continued representation of relator Gage in this case, even after the Report and Recommendation, illustrates this matter is not moot. *See* Objs. [#92].[1] Further, the Court considers this a serious matter that warrants a ruling on Rolls-Royce's motion. Accordingly, the Court grants Rolls-Royce's motion to disqualify Little as counsel for relator Gage and grants Little's motion to withdraw as counsel.

## II.      Motion to Dismiss

The Magistrate Judge recommends dismissing Gage's claims as barred by issue preclusion and failing to meet the particularity requirements of Rule 9(b). R. & R. [#91] at 10–17. Gage objects to the Magistrate Judge's assessment on both issues, and thus the Court will address each in turn.

### A. Issue Preclusion

In its motion to dismiss, Rolls-Royce argues Gage should be collaterally estopped from bringing the claims in this lawsuit because the same issues—allegations regarding the use of parts from the aircraft involved in the 2007 "hard landing" incident in Nova Scotia—were already considered and dismissed with prejudice in *Davis II*. Mot. Dismiss [#58] at 18–20.

---

[1] Little filed objections to the Report and Recommendation on behalf of Gage on February 26, 2018, and attorney Gerald Bright filed "corrected" objections the following day. *See* Objs. [## 92, 93].

As indicated above, the Magistrate Judge recommends granting Rolls-Royce's motion to dismiss Gage's claims based on issue preclusion. R. & R. [#91] at 10–15. The Court agrees.

As an initial matter, the Court notes Gage failed to address issue preclusion in his response to Rolls-Royce's motion to dismiss. *See* Resp. [#63]. Gage filed a sur-reply[2] with arguments on issue preclusion only after Rolls-Royce's reply noted that Gage had failed to address this issue. *See* Sur-Reply. [#67]. Gage did not request leave from this Court to file his sur-reply as required by Local Rule CV-7(f). A bigger problem for Gage, however, is his failure to address the specific issue preclusion argument in Rolls-Royce's motion to dismiss. Rolls-Royce moves to dismiss this case under the doctrine of issue preclusion because the issues raised in this case are the same as those in *Davis II*. Mot. Dismiss [#58] at 18–20. Instead of addressing Rolls-Royce's arguments on *Davis II*, Gage used his sur-reply to explain how this case differs from *Davis I* (not *Davis II*) such that issue preclusion should not apply. *See* Sur-Reply. [#67] at 1–4.

As explained below, the Court finds issue preclusion applies in this case. "The rule of issue preclusion, sometimes referred to as collateral estoppel, bars relitigation by a party to a previous action of issues that were actually litigated and decided in that previous action." *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1252, n.2 (5th Cir. 1991). "The purpose of issue preclusion is to prevent relitigation of issues already dealt with by the courts, so as to maximize judicial economy and minimize conflicting judgments." *Hall v. Sinn, Inc.*, 102 F. App'x 846, 848 (5th Cir. 2004); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). For issue preclusion to apply, (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the

---

[2] Gage's motion was labeled as a "reply," but the Court considers it a sur-reply because it was filed one week after Rolls-Royce's reply and because it addresses Rolls-Royce's arguments in the same.

determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action. *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999).

The Magistrate Judge correctly applied these factors to determine issue preclusion should prevent Gage from pursuing this case in light of the failed claims in *Davis II*. This case involves the same issues of an alleged conspiracy to use non-airworthy parts from the crashed aircraft in Nova Scotia on a USAF aircraft, which ultimately failed in flight over Afghanistan. The amended complaint in this case is a virtual copy of the Third Amended Complaint in *Davis II*, except now the defendants are Rolls-Royce and Sierra Nevada. Gage's assertion of the same allegations against different defendants does not prevent issue preclusion from applying. *See Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009). The issues in this case were fully litigated in *Davis II* after the Court dismissed Gage's claims with prejudice as barred by the public disclosure bar and insufficiently pleaded under Rule 9(b). *See Davis II*, 2014 WL 3007201, at * 3–8; *see also Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003) ("A dismissal with prejudice is a final judgment on the merits."). Because the issues in this case were a necessary part of this Court's earlier judgment in *Davis II*, issue preclusion bars those issues from being relitigated here.

Gage's objections to the Report and Recommendation are unavailing. Although unclear, it appears Gage contends the "installation and billing for flight hours of aircraft in the present case" are distinguishable from "the sale of unairworthy parts to a US. Government contractor" in *Davis II*. *See* Objs. [#93] at 2. The complaints in both cases, however, rely on the same operative facts, and after further review, the Court fails to see or understand any distinction between the two cases that prevents application of issue preclusion. Gage also presents

arguments related to *Davis I*, which are irrelevant because, as explained above, issue preclusion

barring the claims in this case arises from Gage's failed claims in *Davis II*, not *Davis I*. Finally,

Gage asserts "the Magistrate Judge's assertion that the details alleged by Gage violate the FCA

Public Disclosure Bar requirements is manifest error." Objs. [#93] at 4. This argument

misinterprets the Report and Recommendation. The Magistrate Judge did not analyze whether

the Public Disclosure Bar applies to this case, but instead explained this Court dismissed the

claims in *Davis II* based on the Public Disclosure Bar. R. & R. [#91] at 14–15.

For these reasons, the Court agrees with the Report and Recommendation that the claims

in this case are barred by issue preclusion.

**B. Rule 9(b)**

Rolls-Royce also moves to dismiss Gage's claims for failure to plead fraud with

particularity as required by Rule 9(b). Mot. Dismiss [#58] at 11–18. The Magistrate Judge

recommends dismissing Gage's claims for failure to meet to the particularity requirements of

Rule 9(b). R. & R. [#91] at 15–17. The Court again agrees and accepts the Report and

Recommendation on this point.

"Because the linchpin of an FCA claim is a false claim, the time, place and contents of

the false representations, as well as the identity of the person making the misrepresentation and

what that person obtained thereby must be stated in a complaint alleging violation of the FCA in

order to satisfy Rule 9(b)." *U.S. ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873

(5th Cir. 2008) (internal citations omitted).

As the Magistrate Judge noted, the complaint in this case is strikingly similar to the

complaint in *Davis II*. This Court dismissed the complaint in *Davis II* for failing to meet the

heightened pleading standard of Rule 9(b). *See Davis II*, 2014 WL 3007201, at * 6–8. The Fifth

Circuit affirmed. *See Gage*, 623 F. App'x at 628 ("By not alleging with particularity the who, what, when, where, and how of the alleged fraudulent scheme, Gage has failed to comply with Rule 9(b).").

For all of the reasons explained in *Davis II* and in the Report and Recommendation, which the Court incorporates herein, Gage has again failed to plead sufficient facts to support his FCA claim. For example, Gage's complaint does not identify any individual making the alleged misrepresentations, but instead relies generically on Rolls-Royce for the "who." Gage does not identify who failed to perform any required inspections or certifications, who violated any contract terms, who submitted invoices, or who made false statements or claims. Further, Gage does not specify what Government specifications or requirements Rolls-Royce allegedly violated, what those regulations required Rolls-Royce to do, or what forms or invoices were submitted by Rolls-Royce. Gage also fails to articulate how Rolls-Royce allowed allegedly defective parts to be installed on aircraft, how any form or invoice submitted by Rolls-Royce was false, or how Rolls–Royce covered up any fraudulent conduct. The complaint here is also devoid of details on when and where Rolls-Royce made any misrepresentations.

Gage objects to the Report and Recommendation, arguing his complaint meets the particularity and specificity standards of Rule 9(b). First, Gage asserts the "who" is met by naming Rolls-Royce North American and Rolls-Royce Deutschland in the complaint. Objs. [#93] at 6. The Fifth Circuit has found blanket assertions against a company do not meet Rule 9(b). *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 385 (5th Cir. 2003). Second, Gage contends the "what" in the complaint "refers to Rolls-Royce not following a contractually required adherence to FAA regulations" and "false certifications by Rolls-Royce and placement of parts." Objs. [#93] at 6. The complaint, however, does not identify the

specific provisions of the contract Rolls-Royce allegedly breached or the specific regulations that are applicable, and therefore lacks the specificity to show materiality as required of an FCA claim. *See Gage*, 623 F. App'x at 626. Next, Gage asserts the "where" and "when" is sufficiently described in the complaint "with evidence of the explosion of the GPS' VFGs 2251 listed by Rolls-Royce as a 'not to use' part by any Rolls-Royce operators due to its involvement [sic] the 2007 crash of Aircraft C-GXPR." Objs. [#93] at 6. While the complaint includes a timeline of the plane crashes underlying Gage's claims, there are no details on when and where Rolls-Royce's wrongful conduct allegedly occurred. Finally, Gage does not object to the Magistrate Judge's conclusion that the complaint lacks sufficient specificity on the "how" of the alleged fraud occurred.

Having reviewed the Report and Recommendation and Gage's objections to the same, the Court concludes Gage's claims should be dismissed for failing to meet to the particularity requirements of Rule 9(b). In addition to the reasons stated above, Rolls-Royce's motion to dismiss could also be granted as unopposed under Local Rule CV-7(e)(2) because of Gage's failure to file a timely response.

**C. Sierra Nevada**

The Magistrate Judge recommends dismissing defendant Sierra Nevada under Rule 4(m) because Sierra Nevada has not been served in this case. R. & R. [#91] at 18. Gage does not object to this recommendation. Objs. [#93].

The Court agrees dismissal of Sierra Nevada is appropriate under Rule 4(m). *See Lewis v. Sec'y of Pub. Safety &Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (explaining Federal Rule of Civil Procedure 4(m) "requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.").

## II. Motion for Leave

On March 9, 2018, Gage requested leave to file a second amended complaint. *See* Mot. Leave [#94]. Gage seeks to add attorney Donald Little as an indispensable plaintiff relator, and Tempus Applied Solutions Inc. as an indispensable defendant. *Id.* at 2. Gage justifies his eleventh-hour motion as being based on "newly discovered information that was not available before the filing of this Second Amended Complaint due to the breadth of the case related documents and new findings by Relators." *Id.* at 2.

Gage's motion for leave is denied. This case has been pending for over twenty months, and Gage has had ample opportunity to address the shortcomings in his complaint, which as explained above, are shortcomings that have persisted since *Davis II*. The Court previously granted Gage leave to amend his original complaint. *See* Order of Feb. 10, 2017 [#16]. Gage's new motion comes after the Magistrate Judge issued his Report and Recommendation and after Gage filed his objections to the same. Although Gage claims the amendment is based on previously unavailable information, the Court has been unable to identify any such information in Gage's motion and the newly proposed complaint. Any delay justification premised the "breadth of the case" in belied by Gage and Little's long involvement with the same facts since *Davis I.*

## Conclusion

The Court concludes attorney Donald Little is disqualified from representing Gage in this case, and all claims brought by Gage are dismissed under the doctrine of issue preclusion, failure to meet the heightened pleading standard of Rule 9(b), and/or Rule 4(m).

Accordingly,

IT IS ORDERED Relator Gage's Objections [#93] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge Andrew Austin [#91] is ACCEPTED;

IT IS FURTHER ORDERED that Defendant Rolls-Royce's Motion to Dismiss [#58] is GRANTED;

IT IS FURTHER ORDERED that Defendant Rolls-Royce's Motion to Disqualify Donald Little [#59] is GRANTED;

IT IS FURTHER ORDERED that Attorney Donald Little's Motion to Withdraw as Counsel as contained in [#81] is GRANTED;

IT IS FURTHER ORDERED that Relator Gage's Motion for Leave to File a Second Amended Complaint [#95] is DENIED; and

IT IS FINALLY ORDERED that Relator Gage's claims are DISMISSED WITH PREJUDICE.

SIGNED this the __11th__ day of March 2018.


_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE