```
                                                              FILED
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TEXAS                    2018 MAR 29 PM 3: 32
              AUSTIN DIVISION
                                                        CLERK US DISTRICT COURT
                                                        WESTERN DISTRICT OF TEXAS
                                                        BY_____
                                                                DEPUTY
```

UNITED STATES OF AMERICA ex.
rel. GEORGE GAGE,
          Plaintiff,

-vs-

ROLLS-ROYCE NORTH AMERICA,
INC., ROLLS-ROYCE
DEUTSCHLAND LTD & CO. KG,
SIERRA NEVADA TECHNICAL
SERVICES, LLC,
          Defendants.

CAUSE NO.:
A-16-CV-00803-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Relator George Gage's Motion to Alter or Amend Judgment [#100]. Having considered the document, the case as a whole, and the governing law, the Court now enters the following opinion and order.

### Background

The facts of this case and each party's positions in the current lawsuit are set forth in greater detail in the Court's Order entered on March 12, 2018. *See* Order of Mar. 12, 2018 [#97]. The Court granted Defendants Rolls-Royce North America, Inc. and Rolls-Royce Deutschland, Ltd. & Co. KG (collectively, Rolls-Royce)'s motion to dismiss, dismissing all asserted claims with prejudice. *Id.* In the same Order, the Court also granted Rolls-Royce's motion to disqualify Gage's attorney, Donald Little. *Id.*

Gage now asks this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) with respect to the disqualification of attorney Little. *See* Mot. [#100]. For the reasons explained below, the Court denies Gage's motion.



## Analysis

Federal Rule of Civil Procedure 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking the court to alter or amend that judgment. FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, to correct inadvertent clerical errors, or to present newly discovered evidence. *Id.*

Gage offers three issues he contends the Court and Magistrate Judge never addressed in disqualifying attorney Little: (1) "Mandatory Disclosure Adverse to a client under Texas Disciplinary Rules of Professional Conduct 1.05(e) and (f)"; (2) "potential harm to American members of the Armed Services"; and (3) proffered "documents demonstrating fraud and crimes by both Rolls-Royce and Davis Aviation." *See* Mot. [#100] at 2–4. Because of these issues, Gage and his counsel "request the Court to amend the disqualification of Donald E. Little under the crime-fraud exception in the interests of justice and national security." *Id.* at 4.

Contrary to Gage's representation, the Magistrate Judge did address the issues Gage raises in this motion. Gage argued these points in response to Rolls-Royce's motion to disqualify attorney Little. *See* Resp. [#60]. At the hearing, Gage re-urged these arguments and the Magistrate Judge explained at length why they were unconvincing. *See* Dec. 4, 2018, Hr'g Tr. [#87] at 37:2–45:25. The Magistrate Judge recommended disqualifying Little "since: (1) he had a more-than-decade long attorney-client relationship with Rolls-Royce; and (2) there is a substantial relationship between the subject matter of the present representation and a matter on

which Little previously represented Rolls-Royce, specifically *Davis I*." *See* R. & R. [#91] at 8–10. Gage objected to the Magistrate Judge's recommendation, but notably did not present any of the arguments he raises now. *See* Objs. [#93] at 8–9. The Court overruled Gage's objections and granted Rolls-Royce's motion to disqualify Little. *See* Order of Mar. 12, 2018 [#97] at 3–4.

For the same reasons the Magistrate Judge explained, the Court finds Gage's arguments in the instant motion unpersuasive. Gage believes attorney Little should be permitted to represent Gage in this matter adverse to his former client Rolls-Royce in order to prevent a crime or fraud that threatens death or serious bodily harm to others. *See* Mot. [#100] at 2–4 (citing exceptions in Texas Disciplinary Rules of Professional Conduct 1.02(d)–(e), 1.05(e)–(f)). The fundamental problem, however, is Gage fails to distinguish between two distinct attorney obligations—protecting a former client's confidential information and not representing another party in a matter adverse to a former client. This Court has never ruled on whether Little may disclose confidential information obtained while representing Rolls-Royce as in-house counsel from 1997 through 2008 and as outside counsel in *Davis I*. Instead, the Court disqualified Little under Texas Disciplinary Rule of Professional Conduct 1.09(a)(3) because Little, without prior consent, sought to represent Gage "in this matter adverse to Little's former client Rolls-Royce on a matter that is the same or substantially related." Order of Mar. 12, 2018 [#97] at 4. Put simply, Gage has failed to identify any exception that exempts Little from the former-client conflict of interest rule, and disqualification is therefore appropriate.

In light of Gage's failure to identify manifest errors of law or fact, inadvertent clerical errors, or newly discovered evidence, there is no basis for altering or amending the Court's earlier judgment under Rule 59(e).

## Conclusion

Accordingly,

IT IS ORDERED that Relator George Gage's Motion to Alter or Amend Judgment [#100] is DENIED.

SIGNED this the 29th day of March 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE

4